CITY OF KANSAS, *Appellant*, v. PAYNE.

**Kansas City:** COLLECTION OF CITY TAXES: CONSTITUTIONAL LAW: TITLE OF ACT. The act of 1879 providing for the collection of delinquent taxes, (Acts 1879, p. 186,) cannot, without disregarding section 28, article 4, constitution of 1875, be construed as amending or repealing those provisions of the charter of Kansas City of 1875, which relate to the collection of city taxes. (Acts 1875, pp. 225, &c.) There is nothing in the title to indicate that the act relates to the subject of city taxes, or has any reference to the charter of Kansas City. It follows, that that city has the right to collect her taxes and enforce the liens for them as provided by the charter, and that she is entitled to collect interest at the rate fixed by the charter.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*T. A. Gill* and *Field & Small* for appellant.

*F. M. Black* for respondent.

HENRY, J.—This was a suit by the city of Kansas for the collection of city taxes from 1866 to 1878 inclusive. The plaintiff claimed that interest should be added to the tax assessed, at the rate of twenty-four per cent per annum, as provided by the charter, and the defendant, that interest should be allowed pursuant to the act of the General Assembly relative to delinquent taxes, approved April 24th, 1879.

Unless otherwise expressly provided by its charter, no city or town had a lien for taxes on real property until the passage of that act. By the acts of 1872 and 1877, it was provided that real property should in all cases be liable for all taxes due any city, or incorporated town, or school district, and a lien was thereby created in favor of the State of Missouri for all such taxes, enforceable as in those acts provided. Sess. Acts 1872, p. 119; Sess. Acts 1877, p. 384. The city or town had no remedy to enforce the collection

of taxes delinquent on real estate, unless expressly given by the charter. The lien for the taxes was reserved to the State, which had complete control over it, and had exercised that control by making delinquent taxes due to towns and cities collectible by the State collectors, and, when suit was necessary, by suit in the name of the State.

By the charter of the city of Kansas, approved March 24th, 1875, section 25, article 6, " The lien on real property heretofore created in favor of the State of Missouri, for all such taxes and special assessments levied by the city, and all right, title and estate acquired by or vested in the State of Missouri by reason of the forfeiture or sale to the State of any tract of land, town or city lot offered at public sale for the taxes or special assessments levied by said city, interest and costs due thereon, and not sold for want of bidders, are hereby transferred and assigned to the city of Kansas; and all lands, town or city lots, forfeited or sold to the State of Missouri on account of taxes or special assessments levied thereon by the city of Kansas, shall, from the taking effect of this act, be deemed and taken to be forfeited and sold to the City of Kansas. In all cases where certificates of purchase have been made out in the names of purchasers, at any sale for such delinquent taxes or special assessments, the right to redeem from any such sale, or to a deed or deeds, shall not be affected or impaired by anything in this act contained." Sess. Acts 1875, p. 225. By section 76, article 6, (Ib. 241,) she had ample means for the collection of delinquent taxes on real property by the sale of the property, or by suit in her own name. Thus the law stood when the act of 1879 was passed. It is entitled " An act to amend sections 2, 3, 4, 5, 9, 11, 14, 17 and 18 of an act approved April 12th, 1877, entitled ' An act to provide for the collection of delinquent taxes due the State, and repealing section 184 of an act concerning the assessment and collection of the revenue,' " approved March 30th, 1872. The act of 1872 applied to Kansas City, for at that time she had no lien on real estate for taxes assessed

against it; and for her delinquent taxes a lien was created and reserved to the State, and they were collected by the county collector; but, by the charter, as amended in 1875, a lien was expressly given to the city, and by section 24, article 6, it was provided that the collector of Jackson county should not thereafter collect any taxes or special assessments theretofore or thereafter levied by said city, but that they should be collected by the city through its own officers. After the passage of that act, sections 178, 179, 180, 181, 182 and 184 of the act of 1872 ceased to be applicable to the City of Kansas, and neither, consequently, were corresponding sections of the act of 1877 applicable to the city taxes of Kansas City.

The provisions of the act of 1879 apply equally to State and city or town taxes. The inclusion of those towns and cities which had no lien on real estate for taxes, nor any remedy to enforce the payment of delinquent taxes, was germain to the title of the act, because for such taxes the State had a lien and collected them by her officers and by suits in her name. But there is nothing whatever in the title of the act of 1879 to apprise any one of a purpose to legislate in regard to the taxes of cities or towns having a lien for their taxes and a remedy to enforce it. Such taxes are not State taxes in any sense, while delinquent taxes due other cities and towns for which a lien was created and reserved to the State, and which were, after they became delinquent, collectible only by the State, were State taxes. Such cities and towns had no remedy to enforce the lien, and the whole subject was by statute under the control of the State. It is conceded that the remedy provided in the charter of the city, by suit in the name of the city, for the collection of delinquent taxes, remains undisturbed by the act of 1879, and this suit was under the charter, and not under that act.

If constitutional, the act of 1879 repeals important provisions of the charter of the city, with respect to the collection of her revenue, while nothing in the title of the

11—71

162     SUPREME COURT OF MISSOURI,

act indicates any such purpose. It purports to be an act in relation to State taxes. The subject of the collection of taxes imposed by a city which had a right, and a remedy, to collect them by suit, in its own name is not embraced in the phrase " State taxes." It is another and a different subject, and it is doubtful if the two could be included in the same act. " No bill    *    *    shall contain more than one subject, which shall be clearly expressed in its title." Section 28, article 4, constitution of 1875. Similar provisions are to be found in the constitutions of other States, and we will but cite a few. cases in which they have been construed, which we think fully sustain the position of the counsel for the city on the subject. *Ryerson v. Utley,* 16 Mich. 269; *Igoe v. The State,* 14 Ind. 239 ; *Failing v. Commissioners,* 53 Barb. 70. In the latter case the title of the act was " An act to regulate a road in the town of Palatine in the county of Montgomery." The words in the enactment were "to alter and reduce the width." Potter, J. observed: " The body of the bill expresses its object. The title of the bill disguises and conceals it. No person from reading its title would ever guess at its object." The object of the constitutional provision was to require so clear an expression of the subject of the bill in the title, that it would at once apprise legislators and others interested of the precise subject of the proposed legislation. "The constitution (says Judge Cooley) has made the title the conclusive ·index to the legislative intent. It is no answer to say that the title might have been more comprehensive if, in fact, the legislature has not seen fit to so make it."

Who would have supposed from the title of the act in question, that important provisions of the charter of the City of Kansas would be repealed or amended ? No intention is declared to repeal any law, except section 184 of the act of 1872, or to amend any law, except the sections of the act of 1877 therein named, neither of which had any application to the City of Kansas. If the two subjects

city taxes and State taxes, are not so distinct, but that they both may be included in one act, still, in the language of Judge Cooley : " The constitution has made the title the conclusive index to the legislative intent. It is no answer to say that the title might have been made more comprehensive." We are, therefore, of the opinion, that the City of Kansas has the right to collect her taxes and enforce the liens for them as provided by her charter, and that the rate of interest fixed by the charter is that to which she is entitled, and that the act of 1879, so far as applicable to said city, is in conflict with the constitution of 1875, and therefore, to that extent of no force, or validity. Consequently the judgment of the circuit court is reversed and the cause remanded. All concur.