310        SUPREME COURT OF MISSOURI,

The State ex rel. Van Brown v. Shepherd.

---

THE STATE *ex rel.* VAN BROWN v. SHEPHERD, *Appellant.*

1. **City of Hannibal: COLLECTION OF CITY TAXES: REPEAL OF STATUTE.** By the revenue law of 1872, (Acts 1872, p. 119, § 182,) it was declared that "real property shall in all cases be liable for all taxes due any city, * * and a lien is hereby created in favor of the State for all such taxes, which lien shall be enforced as in this act provided." The charter of the city of Hannibal subsequently passed, (Acts 1873, pp. 253, 254, §§ 1, 4,) provided that "all taxes levied by the mayor and city council shall be a lien upon the real estate on which the same may be imposed," and that "the city council shall have power to cause real estate to be sold for delinquent taxes in such manner as may be provided by ordinance, and to provide for the redemption thereof in such manner as shall not

be inconsistent with the laws of this State." *Held*, that there was no such inconsistency between the revenue law and the charter as worked a repeal of the former—not as to the vesting of the lien, because the charter, while it declares a lien, does not say it shall vest in the city, but leaves that to be governed by the revenue law; nor as to the enforcement of the lien, because the charter expressly restricts the council to the adoption of such modes of enforcement as are not inconsistent with the laws of the State.

2.  **Taxes, City and State**: CONSTITUTIONAL LAW: TITLE OF ACT.  Delinquent city taxes, for which a lien is created and reserved to the State, and which are collectible only by the State, are State taxes, and provisions relating to their collection are germane to the title of an act purporting to provide for the collection of delinquent State taxes, and are not obnoxious to the constitutional injunction that no bill shall contain more than one subject, which shall be clearly expressed in its title.

*Appeal from Hannibal Common Pleas Court.*—HON. T. BRACE, Judge.

AFFIRMED.

*Thomas H. Bacon* for appellant.

*T. S. Howell* for respondent.

NORTON, J.—This suit was instituted in the Hannibal court of common pleas on March 8, 1880, against the appellant as the owner of a part of a lot in the city of Hannibal described as twenty feet on Broadway by sixty-five and one-half feet, beginning twenty-two feet east of Third street, and a part of lot 8 in block number 12, to recover back taxes due the city for the years 1874, 1875 and 1876, assessed against Thomas H. Branham as the then owner of said ground.  The taxes are denominated severally as the general tax, compromise tax, special tax, floating debt tax and judgment tax.  The action is in the name of the State of Missouri, at the relation and to the use of the collector of the city.  The answer was a general denial, and new matter pleaded.  Reply to new matter pleaded, and trial on these pleadings, and judgment for plaintiff for the

several amounts of taxes claimed, amounting in the aggregate to $194.65, with ten per cent interest per annum thereon from January 1st, 1877, and costs of suit. Motion in arrest of judgment on the single ground that the petition does not state facts sufficient to constitute a cause of action. Overruled, and cause brought to this court by appeal.

The action in this case was brought under the delinquent tax law of 1879, and it is insisted by defendant's

1. CITY OF HANNI-BAL: collection of city taxes : repeal of statute.

counsel that said law did not apply to the city of Hannibal, because the charter of said city provided a special lien for city taxes, and divested the State of any lien for such taxes which it might have had under previous laws. It seems to be conceded by counsel, and if it were not so conceded, we should hold, that section 182, page 119, of the Acts of 1872, gave to the State a lien for all taxes on real estate due any city or incorporated town or school district, and that such lien was to be enforced as in that act and the subsequent acts of 1877 and 1879 was provided. It is, however, contended by counsel that the charter of the city of Hannibal, (Acts 1873, p. 253, § 1,) which provides : " That all taxes levied by the mayor and city council shall be a lien on the real estate on which the same may be imposed, and said lien shall continue till the taxes are paid"—and section 4, Acts 1873, page 254, which provides: " That the city council shall have power to cause real estate to be sold for delinquent taxes in such manner as may be provided by ordinance, and to provide for the redemption thereof in such manner as shall not be inconsistent with the laws of the State," operate as a repeal of section 182, *supra*, Acts 1872, as well as section 178 of the same act.

Before the act of 1873, consolidating into one act the various acts in relation to the charter of the city of Hannibal can have the force credited to it by counsel, it must appear either that the act of 1872, so far as it related to the city of Hannibal, was expressly repealed, or that it was

repealed by necessary implication on account of some irreconcilable repugnancy or inconsistency between the two acts. It is clear that the act of 1873 does not directly, and in express terms, repeal any part of the act of 1872, and it is not contended that it does; but it is contended that a repeal of section 182, of the act of 1872, is effected by virtue of the 5th section of the act of 1873, which reads " that all acts and parts of acts contrary to and inconsistent with the provisions of this act, or within the purview thereof, are hereby repealed." The inconsistency between section 182, of the act of 1872, and the act of 1873, is said to appear in section 1, *supra,* of the act of 1873, which declares that taxes levied by the mayor and council shall be a lien on the real estate on which they are imposed, and that the city council shall have power to cause real estate to be sold for such taxes, and to provide for the redemption thereof in a manner not inconsistent with the laws of the State.

It will be observed that said section only declares that the taxes shall be a lien on the real estate till paid. It does not declare that such lien shall vest only in the city or in the city at all, and there is no such inconsistency between the said provision and that made in the act of 1872, which declares " that real property shall in all cases be liable for all taxes due any city or incorporated town or school district, and a lien is hereby created in favor of the State of Missouri for all such taxes, the same as for State and county taxes, which lien shall be enforced as in this act is provided," as works a repeal of the last mentioned act. The act of 1873 declares simply that the taxes shall be a lien, and the act of 1872 declares that the lien for such taxes shall vest in the State. The restriction thrown around the power given the council in section 4, *supra,* of the act of 1873, to provide for the sale of real estate for taxes and the redemption thereof, when read in connection with section 182, *supra,* virtually abrogates and nullifies the power, for it is expressly provided there that such power can only

be exercised in a manner not inconsistent with the laws of the State.

We have been cited to the case of the *City of Kansas v. Payne*, 71 Mo. 159, as sustaining the position of counsel that the act of 1873 repealed the act of 1872, and that taxes due the city of Hannibal are not embraced in the act of either 1877 or 1879, because the title of said acts are not broad enough to cover such taxes. That case is essentially different from the one before us in this, that it was expressly provided in the charter of the City of Kansas that the lien on real property heretofore created in favor of the State of Missouri for all such taxes and special assessments   *   *   are hereby transferred and assigned to the City of Kansas. Not only was the lien of the State divested but a lien was expressly given to the city, and the collector of Jackson county was prohibited expressly from collecting any city taxes, and the city authorized to collect the same through its own officers, according to a mode prescribed. No such provisions as these are found in the charter of the city of Hannibal divesting the State of its lien and investing it in the city.

While it was held in that case that the act of 1879 did not apply because of the said provisions of its charter to 2. TAXES, CITY AND the City of Kansas, it was held that it did STATE: constitu- apply to all city and town taxes on real es- of act. tate, for which said cities and towns had no lien nor any remedy to enforce the payment of delinquent taxes; that taxes of that description were germane to the title of the act; and " that delinquent taxes due cities and towns, for which a lien was created and reserved to the State, and which were, after they became delinquent, collectible only by the State, were State taxes." This view of the subject, taken in that case, answers the objections made by counsel, that as the title of the act of 1879 referred only to State taxes, the provisions of said act, in relation to the collection of city and town taxes, were vio-

lative of section 28, article 4 of the constitution. Judgment affirmed, in which all concur.

*Motion for rehearing overruled.*