THE STATE *ex rel.* HARRIS v. LAUGHLIN.

1.  **Mandamus to Inferior Courts**: JURISDICTION. Where an inferior court having determined that it had no jurisdiction and that another tribunal had exclusive jurisdiction, for that reason declined to proceed to a final disposition of a criminal case, and ordered it transferred to the other tribunal for that purpose; *Held,* that this court would, upon an application for a mandamus to compel the inferior court to proceed, inquire into the question of jurisdiction, and if it found the jurisdiction to exist would issue the writ.

2. **Constitutional Law**: TITLE OF ACT: GAMBLING. An act was entitled "An act to amend section 1547 of article 8 of the Revised Statutes, relating to offenses against public morals and decency, or the public police, and miscellaneous offenses." Section 1547 made gambling a misdemeanor; while the new act made it a felony and changed the penalty accordingly. *Held*, that the subject of the new act was expressed in the title with sufficient clearness to answer the requirements of section 28, article 4 of the constitution.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Joseph R. Harris*, relator, *pro se*.

Mandamus is the proper remedy. Tapping on Mand., *12; Moses on Mand., •19; *Rex v. Barker*, 3 Burr. 1267; *Rex v. Windham*, Cowp. 378; *People v. Superior Ct.*, 19 Wend. 68; High on Extr. Leg. Rem., § 156, note; *Judges v. People*, 18 Wend. 79; *Chase v. Blackstone C. Co.*, 10 Pick. 244; *Virginia v. Rives*, 100 U. S. 323; *Ex parte Burtis*, 103 U. S. 238; *Ex parte Newman*, 14 Wall. 165, 168; *Ex parte Crane*, 5 Pet. 190; *Ex parte Bradstreet*, 7 Pet. 647; *People v. Judges*, 1 Cow. 576; *Sanders v. Nelson Cir. Ct.*, Hardin 17; *Stafford v. Bank*, 17 How. 278; *Beguhl v. Swan*, 39 Cal. 411; *Ex parte Lowe*, 20 Ala. 330; 4 Ala. 393, 569; 5 Ala. 130; 6 Ala. 172; 9 Ala. 627; 13 Ala. 314; 20 Ala. 331; 23 Ala. 518; 26 Ala. 50; 29 Ala. 71; *People v. Scates*, 4 Ill. 351; *Ex parte Milner*, 6 Eng. L. & Eq. 371; *State v. Judges*, 29 La. Ann. 785; *Ex parte Henderson*, 6 Fla. 279; *State v. Judge*, 2 Iowa 280; *People v. Ins. Co.*, 19 Mich. 392; *Lagrange v. State Treasurer*, 24 Mich. 468; *Field v. Judge*, 30 Mich. 10; *Tetherow v. Grundy Co. Ct.*, 9 Mo. 118; *Hall v. Audrain Co. Ct.*, 27 Mo. 329; *State v. Lewis*, 71 Mo. 170; *State v. Cape Girardeau Ct.*, 73 Mo. 560; *Castello v. St. Louis Cir. Ct.*, 28 Mo. 259; *Garrabrant v. McCloud*, 15 N. J. L. 462; *Ten Eyck v. Farlee*, 16 N. J. L. 269; Moses on Mand., 30; *Williams v. Judge*, 27 Mo. 225; *Blecker v. Law Commr.*, 30 Mo. 111; *State v. Engleman*, 45 Mo. 27; *Ex parte Morris*,

11 Gratt. 292; *Wright v. Johnson*, 5 Ark. 687; *Life Ins. Co. v. Wilson*, 8 Pet. 302; 1 Chitty Prac., 797; *Rex v. Middlesex*, 4 B. & Ald. 298; *Rex v. Worcester*, 1 Chitty 649; *Queen v. The Justices*, 3 Ad. & E. (N. S.) 810; *Rex v. Wiltshire*, 10 East 404; *Queen v. The Justice*, 2 Q. B. D. 516; *Queen v. Adamson*, 1 Q. B. D. 201; *Rex v. Inhabitants*, 5 B. & Ad. 597; *Reg. v. Richards*, 3 Eng. L. & Eq. 410; *Queen v. Brown*, 7 Ell. & B. 757; *Rex v. Justices*, 5 B. & Ad. 672; *State v. Sutterfield*, 54 Mo. 395; *Miller v. Richardson*, 1 Mo. 310; *Sipp v. St. Louis Cir. Ct.*, 1 Mo. 356; *Anderson v. Brown*, 6 Fla. 299; *Purcell v. McKune*, 14 Cal. 230; *People v. Wayne Co. Ct.*, 1 Mich. 359; *Rhodes v. Craig*, 21 Cal. 419; *Re Turner*, 5 Ohio 542; *Floral Springs Co. v. Rives*, 14 Nev. 431; *Ex parte The State*, 51 Ala. 69; *Ex parte Loring*, 94 U. S. 418; *Ex parte Flippin*, 94 U. S. 348; *Gunn v. County of Pulaski*, 3 Ark. 427; *State v. Smith*, 19 Wis. 531; *Brem v. Arkansas Co. Ct.*, 9 Ark. 240; *People v. Wayne Cir. Judge*, 39 Mich. 115; *Miller v. Bay Cir. Judge*, 41 Mich. 326.

The title of the act is sufficient. *State v. Ranson*, 73 Mo. 88; *City v. Tiefel*, 42 Mo. 592; Cooley Const. Lim., (4 Ed.) 176; *Ryerson v. Utley*, 16 Mich. 277; *Sun Mut. Ins. Co. v. The Mayor*, 8 N. Y. 253; *Morford v Unger*, 8 Iowa 82; *Whiting v. Mount Pleasant*, 11 Iowa 482; *Indiana Central R. R. v. Potts*, 7 Ind. 681; *State v. Bowers*, 14 Ind. 195; *State v. County Judge*, 2 Iowa 280; *Brewster v. Syracuse*, 19 N. Y. 116; *Johnson v. Higgins*, 3 Met. (Ky.) 566.

*Patrick & Frank* and *F. D. Turner* for respondent.

The amendatory act contravenes section 28, article 4 of the constitution of 1875, and is void. The provision that "no bill shall contain more than one subject, which shall be clearly expressed in the title," is mandatory and equally obligatory upon the general assembly with any other provision in the constitution, and where a bill is adopted clearly and palpably in opposition to it, there is no alternative but to pronounce it invalid. *State v. Miller*,

45 Mo. 498; *Weaver v. Lapsley*, 43 Ala. 227; *State v. Ah Sam*, 15 Nev. 30; *s. c.*, 37 Am. Rep. 454; *Cannon v. Mathes*, 8 Heisk. 516; *Prothro v. Orr*, 12 Ga. 40; Cooley Const. Lim., (2 Ed.) § 150; *Indiana C. R. R. Co. v. Potts*, 7 Ind. 683; *State v. Lafayette Co. Ct.*, 41 Mo. 39; *People v. Mellen*, 32 Ill. 183. The general object of the bill is all that the constitution requires to be expressed in the title of the bill. The title need not index the contents of the bill, and all matters congruous to and in prosecution of its general object may be inserted and be contained in the body of the bill without being specially mentioned in its title. *Matter of Burris*, 66 Mo. 446; *People v. Hurlbut*, 24 Mich. 57; *s. c.*, 9 Am. Rep. 103; *People v. Mahaney*, 13 Mich. 495; *White v. Lincoln*, 5 Neb. 505; *Ex parte Upshaw*, 45 Ala. 236; *Reed v. State*, 12 Ind. 642; 45 Mo. 498; *St. Louis v. Tiefel*, 45 Mo. 278; *State v. Mathews*, 44 Mo. 523; *State v. Bank*, 45 Mo. 528; *Walker v. State*, 49 Ala. 331; *People v. The Institution, etc.*, 71 Ill. 233; *Parkinson v. State*, 14 Md. 196; *State v. County Judge*, 2 Iowa 281.

The rule of the constitution of 1875, that the subject of a bill, with the exception of bills called appropriation bills and bills passed under the third subdivision of section 44 of article 4 of the constitution, shall be expressed in the title thereof, is open to an additional exception as to acts which are professedly amendatory of others, which exception owes its origin to a construction of the constitutional provision by the courts of this State and by the courts of other states having similar provisions in their constitutions. When the words of an act declare it to be an act to amend an act or a section of an act, the title of the amendatory act need not necessarily express the subject of the act or of the section of the act which it amends, or of the amendment proposed, by words of its own, but will so express it sufficiently if it declare the act to be "An act to amend," and recite in the title after so declaring the title of the original act which it amends. This is so because the subject of the amendatory act is required in

all cases to be germane and congruous to the general object of the original act which it affects, and to recite the title of the original act in the title of the amendatory act is to express the subject of the amendment in the title of the amendatory act. *State. v. Ranson*, 73 Mo. 88; *St. Louis v. Tiefel*, 42 Mo. 588; *State v. Bowers*, 14 Ind. 195; *People v. Willsea*, 60 N. Y. 508; *Yellow R. 1. Co. v. Arnold*, 46 Wis. 221; *People v. Briggs*, 50 N. Y. 561. If the title of an amendatory act instead of reciting in it in full the title of the original act which it amends, states the subject of the act or of the section which it amends in its own words, or states that it is an act to amend section so and so of chapter so and so, or chapter so and so, and in its own words or in some of the words only of the title of the act which it amends, describes the subject of such section or such chapter, the constitutionality of the act turns entirely upon the question whether the language employed in the title of the amendatory act adequately expresses the subject of the act or of the section amended, or of the amendment in the amendatory act; and under such circumstances the title of the amendatory act can in nowise be aided or helped by the fact, if it be so, that the title of the original act would have embraced the amendatory provision had it been inserted in the original act. The fact that the title to an original act would have authorized the amendatory provision to be inserted in its body had it been done cannot be considered by the court where the title of·the original act is not recited in the title of the amendatory act. *State v. Ranson, supra; People v. Molineux*, 53 Barb. 9; *State v. Mead*, 71 Mo. 266. An amendatory act, entitled "An act to amend section —— of article —— of the Revised Statutes," expresses no subject and only contains a referance where the subject might be found. A reference to the subject is not what the constitution requires. It must be expressed "in the title." *People v. Hills*, 35 N. Y. 449; *People v. Briggs*, 50 N. Y. 561; House Jour., 30th Gen. Ass. Mo. pp. 1654, 1655; *Leonard v. January*, 56 Cal. 3

The provision in the constitution of 1865 had been, long prior to its adoption, a part of the organic law of many other states, and in many of them it had been held that " the legislature must determine for itself how broad and comprehensive shall be the subject of a statutory enactment under it, and how much particularity shall be employed in the title defining it." *Bibb Co. Loan Association v. Richards,* 21 Ga. 592 ; *Ex parte Pollard,* 40 Ala. 98 ; *Mut. Ins. Co. v. New York,* 4 Seld. 241 ; *Brewster v. Syracuse,* 19 N. Y. 117 ; *State v. Town of Union,* 33 N. J. L. 354 ; *People v. Banks,* 67 N. Y. 568 ; 42 Mo. 592 ; 14 Ind. 195 ; 7 Ind. 681.

This general interpretation of provisions similar to that in our constitution of 1865, had a tendency to uphold acts whose titles expressed their subjects in a doubtful and obscure manner, and to destroy the mandatory nature of the provision; and this was doubtless the cause which led the convention of 1875 to define in the constitution the degree of particularity which must be used in the title of a bill in expressing its subject, and to require its subject to be " clearly expressed." It is a settled rule of construction, that where a provision of the organic law antecedently to a revision of the constitution is settled either by clear expressions in the constitution, or adjudications on it, a change of phraseology, if it evidently purports an intention to work a change in the law, will be construed to do so, and that where the words of a statute differ from the words of a prior statute on the same subject, it is evidence they are to have a different and not the same construction. The change from the original requirement " shall be expressed," to the subsequent requirement, " shall be clearly expressed " in the title, should be given all the force the change imports. *Hyatt v. Allen,* 54 Cal. 355 ; Sedgwick on Construction of Statutes, 365 ; *Davis v. Davis,* 75 N. Y. 225 ; *Matter of Brown,* 21 Wend. 319 ; *Ennis v. Crump,* 6 Texas 35 ; *Miller v. The State,* 3 Ohio St. 475 ; *Rich v. Keyser,* 54 Pa. St. 89 ; *Lehman v. Robinson,* 59 Ala. 236. A bill is held, under provisions in constitutions similar to

that in the constitution of Missouri of 1875, to be void if its subject is in the words employed in its title to express it, hidden in covert concealment or left to be groped for through doubts and difficulties; through obscurities and uncertainties, and with misgivings and perplexities. *Weaver v. Lapsley*, 43 Ala. 227; *Dorsey's Appeal*, 72 Pa. St. 192; *Union P. R. Company's Appeal*, *81 Pa. St. 93; *Comm. v. Dickinson*, 9 Phila. 562; *Kansas City v. Payne*, 71 Mo. 161; *Rader v. The Township*, 39 N. J. L. 512; *State v. Barrett*, Kansas. S. C. 1882; *People v. Commissioners*, 53 Barb. 70; *People v. O'Brien*, 38 N. Y. 195; *Par. Bossier v. Steele*, 13 La. Ann. 434; *Matter of Lands in Flatbush*, 60 N. Y. 407; *State v. Silver*, 9 Nev. 231; *People v. McCann*, 3 Park. Crim. Rep. 299; *People v. Hills*, 35 N. Y. 449; *Durkee v. Janesville*, 26 Wis. 701; *Fishkill v. Plank Road Co.*, 22 Barb. 643; *Elevated R. R. Cases*, 3 Abb. N. C. 406.

Mandamus will not lie in this case. The matter decided by the St. Louis criminal court was within its jurisdiction to determine. The court having after due notice and full argument adjudged the law to be unconstitutional, no matter how erroneous its decision may be, it cannot be reviewed or reversed under the law by means of this writ. The writ does not lie to correct errors of inferior tribunals by annulling what they may have done erroneously, nor to guide their discretion. *Dunklin Co. v. District Co. Ct.*, 23 Mo. 454; *Fitch v. McDiarmid*, 26 Ark. 486; *Kentucky v. Denison*, 24 How. 66; *Williams v. The Judge*, 27 Mo. 225; *State v. McAuliffe*, 48 Mo. 112; *People v. Hatch*, 33 Ill. 140; *People v. Lieb*, 85 Ill. 484; *People v. Klokke*, 92 Ill. 134; *State v. Babcock*, 51 Vt. 570; *State v. Garesche*, 65 Mo. 480; *State v. Wilson*, 49 Mo. 148; *Miltenberger v. St. Louis*, 50 Mo. 173; *State v. Macon Co. Ct.*, 68 Mo. 48; *Ex parte Burtis*, 103 U. S. 238; *Ex parte Railway Co.*, 103 U. S. 794; *Ex parte Newman*, 14 Wall. 165; *Ex parte Sawyer*, 21 Wall. 238; *Ex parte Hoyt*, 13 Pet. 290; *Ex parte Railway Co.*, 101 U. S. 720; *Ex parte Perry*, 102 U. S. 186; *Ex parte Flippin*, 94 U. S. 348; *Ex parte Loring*, 94 U. S. 418; *Ex parte Koon*,

1 Denio 644; *People v. Weston*, 28 Cal. 639; *Ex parte John-son*, 25 Ark. 614; *State v. R. R. Co.*, 15 Fla. 217; *State v. Judge*, 26 La. Ann. 116; *Fancisco v. Ins. Co.*, 36 Cal. 283;, *Ex parte Shandries*, 11 Reporter 832; *Ex parte Graves*, 61 Ala. 385; *State v. Norton*, 20 Kas. 507; *People v. Dowling*,. 55 Barb. 197; *Swan v. Gray*, 44 Miss. 393; *Little v. Morris*,. 10 Texas 263; *Reg. v. The Justices*, 28 Eng. L. & Eq. 160;. *Queen v. The Justices*, 14 Ad. & E. N. S. 396.

Hough, J.—At the March term, 1882, of the St. Louis. criminal court, the grand jury returned an indictment against Robert C. Pate and others therein named, charging them with feloniously setting up and keeping a certain gambling device, adapted, devised, and designed for the purpose of playing a certain game of chance, commonly called keno, for money; and with feloniously inducing,. enticing and permitting certain other persons by means of said gambling device to bet and play at said game of keno for money. The defendants in said indictment filed a plea. to the jurisdiction of the criminal court, alleging that the act of March 9th, 1881, making gambling of certain kinds a felony, under and by virtue of which act the grand jury found and filed said indictment, was unconstitutional and; void, because the title of said act does not meet the require-ments of section 28, article 4, of the constitution, and for other reasons which it is unnecessary to notice; that the offense charged was, therefore, a misdemeanor only, and. not a felony, and said court had no jurisdiction thereof.. After hearing said plea, and on the 1st day of May, 1882,. the criminal court made the following order: "This day the court sustains the plea and the amended plea to the jurisdiction in each and all of the above cases, and it ap-pearing to the court that the offenses charged in said in-dictments are misdemeanors, and the St. Louis court of crim-inal correction having exclusive jurisdiction of such cases,. it is ordered that each and all of said indictments be certi-fied and transmitted to the said St. Louis court of criminal

correction for trial." On the following day the circuit attorney for the city of St. Louis made application to the St. Louis criminal court to vacate and set aside the foregoing order and to proceed with the trial of said indictment, which said court refused to do, and he now makes application to this court for a writ of mandamus to compel the judge of said court to proceed with the trial of the indictments aforesaid.

The writ of mandamus is one mode of exercising the superintending control over inferior courts conferred upon 1. MANDAMUS TO this court by the constitution. It is well set-INFERIOR COURTS: jurisdiction. tled, too, that this writ can be resorted to in criminal cases as well as civil. Bishop's Crim. Proc., § 1402, and cases cited. In neither class of cases, however, can this writ be made to perform the functions of a writ of error or an appeal. When addressed to subordinate judicial tribunals, it simply requires them to proceed to exercise their judicial functions. *State ex rel. Adamson v. Lafayette Co. Ct.*, 41 Mo. 224; *State ex rel. Metcalf v. Garesche*, 65 Mo. 489; *State ex rel. Watkins v. Macon Co. Ct.*, 68 Mo. 48; Bishop's Crim. Proc., § 1403, and cases cited. Of course this court would not compel an inferior court to proceed to try a case of which it had no jurisdiction, and where an inferior court refuses to proceed and finally dispose of a case on the ground of an alleged want of jurisdiction, on application made to this court to compel such inferior court to hear the same, it will be the duty of this court to determine whether such inferior court has jurisdiction of the cause, and such determination will be binding upon the inferior court. This is established by all the authorities.

The peculiar character of the order made by the criminal court in sustaining the plea to its jurisdiction relieves us of the necessity of examining and deciding many points which were presented in the oral argument, and are to be found in the briefs of counsel, based upon the supposition that the indictment pending in the criminal court had been

finally disposed of. By reference to the order of the court, however, it will be observed that the indictment has not been quashed, nor adjudged defective or insufficient; neither has the prosecution been dismissed, nor have the defendants been discharged. The true and only legal construction which can be given to the order made by the criminal court, is, that the court has stricken the case from the docket and refuses to proceed with the trial, although the indictment is still pending in that court; for the order to transfer the indictments to the court of criminal correction is wholly without warrant of law and utterly void. The criminal court could not divest itself of jurisdiction by any such order, and the indictment is still pending in that court notwithstanding that order. The simple fact that the plea to the jurisdiction is sustained does not finally dispose of the case; and if the criminal court has jurisdiction of the offense charged we will compel the judge thereof to proceed with the cause, although he may be of opinion that his court has no jurisdiction and so alleges in his return. We are all of opinion that this is a proper case in which to issue the writ of mandamus, provided the criminal court has jurisdiction of the offense charged. Whether it has jurisdiction depends upon whether the offense charged is a felony, and whether said offense is a felony depends upon the constitutionality of the act of March 9th, 1881, above referred to.

All the objections to the validity of this law, save the one relating to the title of the act, are satisfactorily disposed of in the opinion of the judge of the criminal court, and it will be unnecessary, therefore, for us to say anything in regard to them. We will proceed to the title of the act.

Section 28 of article 4 of the constitution declares that: "No bill      *      *      shall contain more than

<span style="font-variant: small-caps">2. constitutional law · title of act: gambling.</span> one subject, which shall be clearly expressed in its title." The title of the act of March 9th, 1881, is as follows: "An act to amend section 1547

of article 8 of the Revised Statutes, relating to offenses against public morals and decency, or the public police, and miscellaneous offenses." The sections of the Revised Statutes, without regard to subject matter, are, in pursuance of law, numbered successively and without omission from the beginning to the end of the volumes. Article 8 of the chapter on crimes and punishments, in the Revised Statutes of 1835, is entitled, " Of offenses against public morals and decency, or the public police, and other miscellaneous offenses," and embraces the same class of offenses now grouped under precisely the same title in article 8 of the chapter on crimes and punishments in the Revised Statutes of 1879. Article 8 of the chapter on crimes and punishments in the Revised Statutes of 1845 has precisely the same title and embraces the same class of offenses. So in the Revised Statutes of 1855 the same title embraces the same class of offenses, and in the Revised Statutes of 1865, as also in Wagner's Statutes of 1872, the same title is employed to designate the same class of offenses. This title, therefore, is no new combination of indefinite terms, but from long usage, has come to have as definite a signification as the title " Of the assessment and collection of the revenue," or any other title which has been continuously used for one and the same purpose from the beginning of the State government. This court has repeatedly held that the provision of the constitution now under consideration should be liberally construed. In the *City of Hannibal v. The County of Marion*, 69 Mo. 571, speaking of this provision we said: "Its object, as has been repeatedly observed, was manifestly to prevent and prohibit fraudulent legislation, or, in other words, the enactment of provisions to which no attention was given by reason of their not being in reference to the subject indicated by the title. It was not the purpose, however, to require that the title of an act should refer literally to all the details which the general subject would suggest." Now the title of the act in question not only refers to the title of the article but to

the particular section of that article sought to be amended; this constitutes the subject of the bill, and it is clearly expressed. The subject matter or contents of the section sought to be amended need not be stated in the title.

An additional reason for a liberal construction of this section of the constitution is, that in the next preceding section, (§ 27, art. 4,) it is provided that no bill can be passed by the legislature until it has been reported upon by a committee and printed for the use of the members. Similar titles have been upheld in other states having constitutional provisions like our own. The constitution of Kansas provides that " No bill shall contain more than one subject which shall be clearly expressed in its title." An act was passed in that state entitled "An act to amend sections 2, 4, 17, 41 and 59 of an act entitled," etc. Speaking of this act the supreme court of Kansas in *The State v. Bankers' Association*, 23 Kas. 501, said: "A certain subject is expressed in the title, *i. e.*, the amendment of five specific sections. So far as the act follows the title, it is without question; but it goes beyond, and after doing all that its title intimates that it will do, it reaches out for something entirely separate and independent." And in *People ex rel. Comstock v. Judge of Superior Court*, 39 Mich. 195, a statute similarly entitled, though criticised, was held to be valid; *vide* also *County Commissioners of Dorchester Co. v. Meekins*, 50 Md. 28.

The authorities, however, in our own State are conclusive upon this question. In the *State v. Ranson*, 73 Mo. 78, the constitutionality of an act having a title similar to that now under consideration, was upheld by this court. The discussion of the sufficiency of the title in that case was general, and there is nothing in the opinion to indicate a purpose on the part of this court to confine the ruling there made to acts passed at a revising session of the legislature for the purposes of revision. The case was not considered by this court in that aspect. That case, too, although not citing the case of the *City of Kansas v.*

*Payne*, 71 Mo. 159, is in entire harmony with it. The title of the act passed upon in the latter case is as follows: "An act to amend sections 2, 3, 4; 5, 9, 11, 14, 17 and 18 of an act approved April 12th, 1877, entitled 'An act to provide for the collection of delinquent taxes due the State, and repealing section 184 of an act entitled an act concerning the assessment and collection of the revenue, approved March 30th, 1872.'" The sections amended relate to various matters, but they all appropriately fall under the general title. This title was held to be good in itself, but was declared to be insufficient to embrace a repeal of certain provisions of the charter of the City of Kansas, as it contained "no index to the legislative intent" to interfere with the city charter. The designation by number of the sections proposed to be amended was held to be sufficient, although the substance or purport of such sections was not set forth.

Being of opinion that the title of the act of March 9th, 1881, is sufficient, and the act, therefore, constitutional, and that the offense charged in the indictment herein referred to is a felony, a peremptory writ will be awarded. The other judges concur.