THE STATE TO USE OF BEGEMAN, *Collector, Appellant,*
v. ROBYN.

1. **City Taxes, Suits for**: PARTY. Suits for delinquent city taxes in cities having less than five thousand inhabitants, must, under the back-tax law of 1872 (Laws, p. 119), and acts amendatory thereto, be brought in the name of the state to the use of the county collector.

2. ———. Such suits, however, under Revised Statutes, section 6848, cannot be brought until the expiration of a year after the tax becomes delinquent.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*R. Hirzel* for appellant.

(1) The suit for taxes due the town of Hermann was properly brought by the collector in the name of the county. The legislature could change the mode of collection provided by the charter, and vest in the county collector the right to enforce the collection of the taxes. Dillon on Corp., sec. 30; *People v. Morris,* 13 Wend. 325; *Bank v. Knoop,* 16 How. [U. S.] 369; *Sloan v. State,* 8 Blackf. 361. (2) The act of 1872 concerning collection of taxes is constitutional; a lien exists in favor of the state by virtue of it and the amendatory act of 1877, and said acts apply to all towns and cities, except, as in the case of Kansas City, where a lien in favor of such city is created by special charter. *Kansas City v. Payne,* 71 Mo. 159; *City of Jefferson v. Whipple,* 71 Mo. 520; *City of Jefferson v. McCarty,* 74 Mo. 55; *Jackson v. Curry,* 77 Mo. 230. (3) The title of the

acts of 1872 and 1877 are sufficient. *State ex rel. v. Laughlin*, 75 Mo. 367.

*L. F. Parker* for respondent.·

· (1) The petition does not state a cause of action; it contains no averment that the collector had complied with the statute by appointing an attorney with the approval of the county court. R. S., sec. 6838. (2) Suits for taxes due to the town of Hermann must be brought by the collector in the name of the town, and cannot be brought by the county collector. The revenue act of 1872 did not repeal the provision of the charter of Hermann prescribing the mode of collecting its taxes. Repeals by implication are not favored. *State v. County*, 41 Mo. 453; *State v. McDonald*, 38 Mo. 529; *Railroad v. County*, 53 Mo. 17; *State v. Shepard*, 74 Mo. 310; *City v. Johnson*, 78 Mo. 661. (3) The title of the act of 1872 is "an act for the assessment and collection of the revenue," and is not sufficient, under the constitution, article 4, section 25, which provides that "no bill * * * shall contain more than one subject, which shall be clearly expressed in the title." *City of Kansas v. Payne*, 71 Mo. 159.

BLACK, J.—This was a suit commenced by the collector of the revenue of Gasconade county, to recover taxes assessed by the town of Hermann, upon certain real estate owned by the defendant, and to enforce the lien reserved for the payment of the tax. The court sustained a demurrer to the petition, and the plaintiff appealed.

1. It was contended in the court below and insisted here, that the collector of the revenues of Gasconade county has no power to prosecute this suit; that the suit should be prosecuted by the town collector in the name of the town, and not by the county collector in the name of the state. The act of February 4, 1845

(Acts, 1845, p. 108), incorporating the town of Hermann,. gave to it power to assess taxes upon real estate, and to collect the same by an action of debt in the name of the town, before a justice of the peace ; but it seems the tax was not, by that act, made a lien upon the real estate, save, perhaps, in case of non-residents.   But the act of March 30, 1872, did, in clear and unequivocal terms, create a lien for all such town or city taxes in favor of the state of Missouri, and declared that the lien should be enforced as in that act provided.  Laws, 1872, p. 119, sec. 182.   Counsel for the defendant argues that the act of 1872 had no application to Hermann ; but that it did, and that, thereafter, the delinquent taxes of Hermann were to be enforced, as in that and the subsequent amendatory acts specified, we entertain no doubt. The effect of the act of 1872 was to turn over delinquent taxes of all cities and incorporated towns to the county collector for further proceedings.   This is the plain language of section 178 of that act, and so we have held.. *State ex rel. v. Shepperd*, 74 Mo. 310 ; *State ex rel. v. Van Every*, 75 Mo. 530.   Nor does it make any difference whether the town or the city had or had not, before the act of 1872, a lien for its unpaid and delinquent taxes.   In either event the delinquent taxes of towns and cities were to be enforced by the county collector, and in the same way that he enforced state and county taxes, and to that end a lien was declared in favor of the state.

We are cited to the case of the *City of Kansas v. Payne*, 71 Mo. 159, but it has no application to the case in hand.   In that case it is conceded that the effect of the act of 1872 was to transfer the collection of delinquent city taxes to the county authorities.   Subsequently, and in 1875, by an amendment to the charter of that city, the power to collect the delinquent city taxes was taken away from the state and county officers. and vested in the city authorities.   From thenceforward

the taxes were to be collected by and in the name of the City of Kansas.   The question, in that case was, whether this authority of the city over its own taxes was taken from it and again vested in the county officers by the subsequent act of 1879, and it was held that it was not; that, notwithstanding the amendment of 1879, to the general revenue laws of the state, the City of Kansas still had the right to collect its own delinquent taxes, under the provisions of its charter of 1875.

The act of 1872 did then create a lien for these delinquent taxes assessed by the town of Hermann, and that lien must, according to that act, be enforced by the county collector.   This duty of enforcing the lien still remained with the collector under the act of April 12, 1877.   Laws, 1877, p. 385.   The first section of the amendatory act of April 24, 1879 (Laws, 1879, p. 187), makes it the duty of the city collectors, in cities having a population of five thousand or more inhabitants, to return to the city register the delinquent lists ; and other sections of that act provide that, in all such cities, the delinquent taxes are to be collected by the city officers, and not by the county collector.   By section 9, the lien is, in express terms, declared in favor of such cities. But as to state and county taxes, and delinquent taxes of cities and towns having less than five thousand inhabitants, the collection thereof remained with the county collector, as before the passage of the act of 1879.   As to towns and cities having less than five thousand inhabitants, sections 177 to 182, of the act of 1872, remained in full force.   These sections are the same as sections 6827-8-9-30-31, of Revised Statutes of 1879.   The amendments of these sections by the act of April, 1883 (Laws, 1883, p. 151), do not affect the question under consideration.   The town of Hermann having less than five thousand inhabitants, this suit was, therefore, properly brought in the name of the state at the relation and to

the use of the county collector. The lien for the delinquent tax could not be enforced in any other way.

2. This suit was brought to enforce the collection of taxes for the year 1884, and was commenced on the twenty-second of September, 1885. Now, section 6848, Revised Statutes, is the same as section 8 of the act of 1879, before mentioned. If this section be examined in connection with that entire law, it will become clear that, as to all taxes accruing after 1880, no suit can be brought thereon until one year after the tax becomes delinquent. This prohibition applies alike to state and county taxes, and to delinquent taxes of towns and cities having less than five thousand inhabitants, all of which taxes, in contemplation of the law, are to be extended in the county "back-tax book." The prohibition applies also to the delinquent taxes of cities of five thousand or more inhabitants, and which taxes are to be extended on the city "back-tax book." Of course we do not speak of cities governed by different charter provisions, passed after the act of 1872, as in the case of the *City of Kansas v. Payne, supra.*

It follows, from what has been said, that this suit was premature, and for this reason only the judgment is affirmed. All concur.