PEOPLE EX REL. EVERETT D. COMSTOCK v. JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

*Entitling amendatory laws.*

An act purporting by its title to revise certain enumerated sections of an act entitled, etc., and to add several new sections, contained a section not mentioned in the title but corresponding to a section in the revised act. The Constitution requires the purpose of every statute to be expressed in its title. *Held* that the practice of amending by reference to sections instead of by reference to subjects or the entire statute is not a satisfactory compliance with the constitutional requirement, but that where the amendment is plain and can be carried out, it may be held valid even though the section numbers of the original act and of the amendment are in confusion.

MANDAMUS.    Motion submitted June 18.    Granted June 21.

*G. Chase Godwin* for relator.    If the title of an act is enough to embrace the provisions of an amendatory act, it need not be inquired whether the title of the latter would be, of itself, *Brandon v. State*, 16 Ind., 197; *State v. Bowers*, 14 Ind., 198; the title of an act need only set forth its purpose in general words, *People v. Mahaney*, 13 Mich. 490; an·act amending specified sections may affect others not specified, *Harrington v. Wands*, 23 Mich., 388; *People v. Insurance Co.*, 19 Mich., 392; *Conn. Life Ins. Co v. State*, 31 Mich., 17; *Swartwout v. R. R.*, 24 Mich., 389; *People v. Hurlbut*, 24 Mich., 54; *Kurtz v. People*, 33 Mich., 279; Cooley's Const. Lim., 142 et seq.

*John C. FitzGerald* for respondent.    The scope of the title of an act cannot be enlarged by construction, *Mewherter v. Price*, 11 Ind., 199; *People v. Hills*, 35 N. Y., 449; *People v. Mellen*, 32 Ill., 181; *State v. Wilson*, 7 Ind., 516; *State v. Kinsella*, 14 Minn., 524; *Weaver v. Lapsley*, 43 Ala., 229; *People v. Allen*, 42 N. Y., 417; *People v. O'Brien*, 38 N. Y., 193; *Durkee v. Janesville*, 26 Wis., 697; *Ryerson v. Utley*, 16 Mich., 277; *Booth v. Eddy*, 38 Mich., 245; *Fishkill v. Fishkill R. R. Co.*, 22 Barb., 641.

CAMPBELL, C. J.    Relator asks a mandamus to compel the respondent to admit him to the office of Clerk of the Superior Court of Grand Rapids, by receiving his bond and oath of office.    This is resisted on the ground that by the old law the clerk of Kent county was made *ex officio* clerk of that court, and that the new law providing for a separate clerk is invalid.

The alleged reason of its insufficiency is that while the title of the act purports to revise and amend several sections of the old statute and to add several new sections, the particular provision is contained in a sec-

tion numbered 7, corresponding in number with an old section which is not mentioned in the title.

As was discovered in *People ex. rel. Chapoton v. Common Council of Detroit*, 38 Mich., 636, it is no uncommon thing in our amendatory legislation to number sections wrongly, or to append new sections to statutes without repealing others of the same numbers, so that duplicate numbers are often found in the same statute. In such case the later section may practically repeal older sections which are not repealed by name. The title to this act, when it refers to revising named sections and adding new sections to the statute has a very undefined field opened to legislation touching the court in question, and we are not prepared to say that because it may be awkwardly framed it is therefore invalid. Its purpose is plain and we think it may be carried out.

The practice of amending by reference to sections instead of by reference to subjects or to the entire statute is one which creates a great deal of mischief and in no way carries out the real design of the Constitution, and is of no practical service in most cases in indicating what changes are to be made or what precise object is in view. It is liable to lead to dangerous ambiguities. And in the present case it is this method of entitling which has created all the difficulty.

The mandamus must be granted.

The other Justices concurred.