## COMMONWEALTH *vs.* JOHN H. KENNESON.

Suffolk.   Nov. 22, 1886. — Jan. 10, 1887.   HOLMES & GARDNER, JJ.,
                              absent.

A complaint on the St. of 1886, *c.* 318, § 2, alleging that, on the first day of July,
1886, the defendant had in his possession "one pint of milk not of good standard
quality, that is to say, milk containing less than thirteen per cent of milk solids,
with intent then and there unlawfully to sell the same within this Common-
wealth," is sufficient, without negativing the exception of the months of May
and June.

The St. of 1885, *c.* 352, § 6, provides that § 9 of the Pub. Sts. *c.* 57, (which relates
to the sale of adulterated milk,) "is hereby amended so as to read as follows."
The St. of 1886, *c.* 318, § 2, provides that § 9 of the Pub. Sts. *c.* 57, "is hereby
amended so as to read as follows." In each section, after the words quoted,
there follows a sentence which covers the whole subject of the original section.
*Held*, that the St. of 1886, *c.* 318, § 2, was a valid enactment.

The St. of 1884, *c.* 310, § 4, providing for the reservation and sealing, before com-
mencing the analysis, of a portion of the sample of milk taken for analysis, is
impliedly repealed by the St. of 1886, *c.* 318, §§ 1, 3.

COMPLAINT on the St. of 1886, *c.* 318, § 2. At the trial in the
Superior Court, before *Staples*, J., the jury returned a verdict of
guilty; and the defendant alleged exceptions, which appear in
the opinion.

*J. A. McGeough*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Common-
wealth.

FIELD, J. The offence of selling, or of having in one's posses-
sion with intent to sell, milk "not of good standard quality"
was created by the St. of 1886, *c.* 318, § 2. The quality required
by the statute for the months of May and June is different from
that for the rest of the year, and this distinction relates to the
time when the milk is sold or kept in possession with intent to
sell, and not to the time when the milk is obtained from the
cow. As this complaint alleges that, on the first day of July,
1886, the defendant had in his possession " one pint of milk not
of good standard quality, that is to say, milk containing less than
thirteen per cent of milk solids, with intent then and there un-
lawfully to sell the same within this Commonwealth," it charges
an offence within the statute. It is not necessary in the com-
plaint to negative the exception of the months of May and June,

because the allegation of time in the complaint is material, and of itself excludes the months of May and June.

The defendant contends that the St. of 1886, *c.* 318, § 2, is inoperative, because it purports to be an amendment of the Pub. Sts. *c.* 57, §§ 5, 9, and he says that said § 9 was repealed by the St. of 1885, *c.* 352, § 6. The argument is that an amendment of a repealed statute is a nullity. By the St. of 1885, *c.* 352, § 6, " Section nine of chapter fifty-seven of the Public Statutes is hereby amended so as to read as follows," &c.; and by the St. of 1886, *c.* 318, § 2, " Section nine of chapter fifty-seven of the Public Statutes is hereby amended so as to read as follows," &c.; and in each case there follows a sentence which covers the whole subject of the original section and may well be held to have impliedly repealed the preceding provisions. The intention of the Legislature is plain, that, after the St. of 1885, *c.* 352, took effect, instead of the Pub. Sts. *c.* 57, § 9, the sixth section of the St. of 1885, *c.* 352, should be in force; and that, after the St. of 1886, *c.* 318, took effect, § 2 of this statute should be in force, instead of § 6 of the St. of 1885, *c.* 352. The sections in each statute are complete in themselves, and, being substitutes for each other, stand like independent enactments. The only defect in the statute is that the St. of 1886, *c.* 318, § 2, refers to the Pub. Sts. *c.* 57, § 9, and not to this section as amended; but the intention is evident.

The remaining exception is to the admission of evidence of the analysis of the milk. The objection is, that " the chemist did not reserve a portion of the sample for the defendant, as provided in the St. of 1884, *c.* 310, § 4, until about two hours after commencing the analysis." The inspector, at the time he took the sample, delivered to the defendant a portion of the sample taken, in accordance with the St. of 1886, *c.* 318, §§ 1, 3. We are of opinion that the St. of 1884, *c.* 310, § 4, is impliedly repealed by the St. of 1886, *c.* 318, §§ 1, 3. The Pub. Sts. *c.* 57, § 2, provided for the taking of specimens of milk, the analysis of the milk, and that a certificate of the result sworn to by the analyst should be admissible as evidence, but it did not require that any portion of the sample of milk taken should be delivered to the person from whom it was taken. This section of the Public Statutes was amended by the St. of 1884, *c.* 310, § 3, which was

intended as a substitute for the section amended; and § 4 of this statute required the person making the analysis, before commencing it, to reserve a portion of the sample, which should be sealed, and, if a complaint was made, should, upon application, be delivered to the defendant or his attorney. The statute did not declare what. the consequence would be if this was not done. Section 2 of the Pub. Sts. *c.* 57, was again amended by the St. of 1885, *c.* 352, § 4, which was intended as a substitute for the St. of 1884, *c.* 310, § 3, and was again amended by the St. of 1886, *c.* 318, § 1, which was intended as a substitute for said § 3; and the last amendment provides that, at the time the sample is taken, if the person taking the sample of milk be requested so to do, "a portion of each sample so taken" shall "be sealed and delivered to the owner or person from whose possession the same is taken," &c.; and § 3 of the same statute provides that, if the inspector or collector, after being so requested, refuses or neglects to seal.up and deliver a portion of the sample taken to the owner or person from whose possession the sample is taken, "no evidence shall be received in any court of the results of the analysis," &c. We think that the provisions we have cited from the St. of 1886, *c.* 318, were intended to be a substitute for the provisions of the St. of 1884, *c.* 310, § 4; ·and that the St. of 1886, *c.* 318, contains all the provisions which were intended to be in force after its passage concerning the taking of samples of milk, the analysis of them, and the use of the results of the analysis as evidence.                    *Exceptions overruled.*