ROBERT FENTON ET AL., APPELLANTS, V. THOMAS YULE
ET AL., APPELLEES.

[FILED OCTOBER 30, 1889.]

1. **Statutes**: AMENDMENT: CONSTITUTIONAL LAW. An act, approved February 26, 1889, to amend the second division of section 25 of chapter 18 of the Compiled Statutes of 1887, relating to county buildings and offices, as amended by act approved March 31, 1887, *held*, to be valid and in force from its passage, and not obnoxious to sections 11 and 15, art. III, of the constitution of this state. (*Burnham v. Auditor of State*, 23 Neb., 128.)

2. ——: ——: ——. Although there be apparent confusion in the application of an amendatory act of the legislature to provisions sought to be amended or repealed, *held*, that where the intention of the legislature, within constitutional limits, is not doubtful, and the amendatory act not incongruous with the title and purview of the amended statute, the amendment is valid. (*Comstock v. Judge*, 39 Mich., 195.)

3. ——: FAILURE TO COMPILE. An act passed, enrolled, approved, and deposited with the secretary of state is an act in force, competent of amendment, though by error, inadvertency, or misconception it may not have been compiled and published in the same manner with all other laws of the state. The work, alone, of the editor and compiler of general statutes will not invalidate an act of the legislature.

APPEAL from the district court for Gage county. Heard below before BROADY, J.

*A. D. McCandless* (*O. P. Mason* with him), for appellants:

The act of 1887 could not be amended by designating its title or chapter *in a foot note* to the Comp. Stats. Sec. 30, ch. 18, might have been *repealed*, but hardly *changed and amended* by implication. If repealed, the board had no power to levy the special tax, particularly as the taxing power must be expressly granted and strictly construed

(*State, ex rel. Grady, v. Lincoln Co.*, 18 Neb., 283; *Wheeler v. Plattsmouth*, 7 Id., 276; *Morrill v. Taylor*, 6 Id., 241; *B. & M. R. Co. v. York Co.*, 7 Id., 491; *State v. Gosper Co.*, 14 Id., 23); if not repealed, such tax could have been levied only after two-thirds majority in favor of the proposition. The act of 1889, if amendatory of both sections 25 and 30, is void under sec. 11, art. 3, Const. (*White v. Lincoln*, 5 Neb., 515; *People v. Mahaney*, 13 Mich., 495; *Ives v. Norris*, 13 Neb., 254; *Holmberg v. Hauck*, 16 Id., 334; *State v. Lancaster Co.*, 17 Id., 87; *Miller v. Hurford*, 11 Id., 381; *State v. Wish*, 15 Id., 450.) Neither the title nor the subject-matter of an amendatory act can be broader than the original. (*B. & M. R. Co. v. Saunders Co.*, 9 Neb., 511; *Hamlin v. Meadville*, 6 Id., 234.) The subject-matter of each part must be germane to the primary objects of the bill. (*State, ex rel. Jones, v. Lancaster Co.*, 6 Neb., 485; *Ives v. Norris*, 13 Id., 254.) As to whether or not such matter is germane, see cases last cited, and *B. & M. R. Co. v. Saunders Co.*, 9 Neb., 511; *Tecumseh v. Phillips*, 5 Id., 311; *Holmberg v. Hauck*, 16 Id., 340; *Miller v. Hurford*, 11 Id., 382; *State v. Pierce Co.*, 10 Id., 477. The act being incomplete and amendatory of the former statute is void. (*Smails v. White*, 4 Neb., 356; *Sovereign v. State*, 7 Id., 413; *Ryan v. State*, 5 Id., 280; *Lancaster Co. v. Hoagland*, 8 Id., 38; *State v. Corner*, 22 Id., 272.) The provision of the act lessening the vote required for bonds is against public policy.

*Hugh J. Dobbs* (*G. M. Lambertson* with him), for appellees:

It is sufficient if the title designate clearly the law to be amended and the subject-matter be germane to the original bill. (*People v. McCallum*, 1 Neb., 194; *Dogge v. State*, 17 Id., 143; *State, ex rel. Burnham, v. Babcock*, 23 Id., 133; *Gatling v. Lane*, 17 Id., 84; *Herdman v. Marshall*,

Id., 259.) In this case the subject-matter is clearly germane. (*Boggs v. Washington County*, 10 Neb., 300; *Perry v. Gross*, 25 Id., 830.) The act providing for compilation is silent as to the form, and there is nothing to forbid the insertion of an act in the form of a foot note. The amendment is not in the nature of class legislation. (*State v. Berka*, 20 Neb., 379.) Sec. 30, ch. 18, is not mandatory but directory. So much of sec. 30 as conflicts with the act of 1889 was repealed by implication. The legislative intent to change the old law is apparent from the act of 1889.

COBB, J.

On July 8, 1889, Robert Fenton, A. Perkins, John Mordhorst, Michael Keckley, Patrick Murphy, and J. W. Bridenthal, plaintiffs, filed their petition for an injunction in the district court of said county against Thomas Yule, as chairman of the county board of supervisors, and Geo. E. Emery, county clerk, alleging that the plaintiffs are citizens and taxpayers and duly qualified electors of said county, which is duly organized under the laws for the government and administration of counties; that the defendants are duly elected and qualified officers of the county as designated, and that on May 7, 1889, said chairman and the board of county supervisors called a special election to be held in said county on June 18 following, to submit to the legal voters for their acceptance or rejection the proposition to issue bonds of the county, to the amount of $100,000, of the denomination of $1,000 each, for the purposes of building and completing a court house on block twenty-four of Cropsey's addition to the city of Beatrice, at the county seat of said county; the entire proceeds, or so much as required, to be devoted to that purpose; said bonds to be payable to the bearer at the state's fiscal agency in New York city, at the expiration of twenty

years from date, with interest at five per cent per annum, to be redeemable at the option of the county after ten years from date, with interest to be paid annually, on interest coupons attached, at said fiscal agency, the bonds to bear date August 1, 1889, and the coupons to be payable August 1 of each year thereafter; with the proposition to levy according to law, in addition to the usual taxes, annually a sufficient tax to pay said interest, and after the expiration of nine years from the date of the bonds, a sufficient tax to pay ten per cent of the principal annually thereafter; and for the year preceding the maturity of the bonds, a tax sufficient to discharge the residue of principal and interest.

That notice of the election was duly given, and it was held, returned, and canvassed in the same time and manner, and by the same officers, as required by law, at a general election in this state, by which it appears there were cast 5,059 votes, of which 2,589 were in favor of the proposition and 2,470 against it.

This election was called under an act entitled "An act to amend the second sub-division of section 25, article 1, chapter 18, of Comp. Stat., approved February 26, 1889," the defendants claiming authority under said law to issue said bonds.

The plaintiffs aver that the proposition was not carried, and that the statute under which the same is claimed to be authorized is unconstitutional and invalid for the reasons:

1. That the statute does not set out the entire section amended.

2. The substance amended, so far as it attempts to grant a power to borrow money and issue bonds, is not germane to the subject-matter of the second subdivision of the section amended.

3. The subject of the amendment, the power to borrow money and issue bonds, is not within the title of the amendatory act.

4. The amendatory act could not be valid unless it be held by implication to amend and repeal sections 27, 28, 29, and 30 of article 1, chapter 18, Compiled Statutes, which require that two-thirds of the votes cast shall be given for the adoption of the proposition, no reference or amendment to said sections being made in said amendatory act.

That the defendants, in violation of law, claim that insomuch as the proposition received a majority of the votes it is carried, and they have the power to levy and collect the special tax provided for in the call for said election, and by law to issue, dispose of, and redeem said bonds and the interest thereon, notwithstanding such power is derived solely from the provisions of section 30, article 1, chapter 18, of Comp. Stat., which requires that said proposition must have received two-thirds of all the votes cast.

Wherefore the plaintiffs pray for an injunction against the defendants, restraining and enjoining them from proceeding in any respect to carry out the proposition submitted at said special election, etc.

Whereupon, on July 8, 1889, the following order was made:

"The petition having been presented to the district judge of the first judicial district of Nebraska, and deeming it proper that the defendants should be heard before granting the temporary injunction within prayed, in the presence of attorneys for both parties, the 13th of July, 1889, at 2 P. M., at the court house in Beatrice, is appointed as the time and place for the hearing of the application therefor.

"In the meantime defendants are restrained as prayed within and until such hearing and ruling thereon, on giving bonds according to law in the sum of $1,000.

"J. H. BROADY, *Judge.*"

On July 15 following the defendants demurred to the petition, that it does not state facts sufficient to constitute a cause of action. On July 17 following it was ordered by

the court that the demurrer be sustained, the injunction be dissolved, and the bill dismissed at cost of plaintiffs, and the cause is brought to this court by appeal.

The first point presented by appellants in the brief of counsel is, that the act of the legislature approved February 26, 1889, entitled "An act to amend the second division of section 25 of chapter 18 of the Compiled Statutes of Nebraska of 1887," in relation to county buildings and offices, and to repeal said second division, is invalid and without the force of law; and in support of this proposition attention is called to the fact that that part of chapter 18 of the Compiled Statutes of 1887 embracing section 25 was passed by the legislature and approved on the 30th day of March, 1887, and that on the day following, to-wit, March 31, 1887, an act was passed and approved amending said act, which act of March 31 was not carried into the the compilation of 1887 other than as a foot-note to the page containing said section 25, with a query, whether it was in force; and the conclusion is drawn that the act of 1889 was directed to, as well in the title as the purview, and sought to amend, a repealed and superseded section.

This question was before the court, substantially, if not precisely, in the case of the *State, ex rel. Burnham, v. Babcock*, 23 Neb., 128. That case was submitted upon a stipulation, from which I extract the following:

"It is hereby stipulated and agreed by and between the parties that the annexed transcript, which is incorporated in and made a part of this stipulation, is a true and accurate history and transcript of all things connected with and pertaining to the voting of $5,000 of bonds of the county of Logan, state of Nebraska, on the first day of October, 1887, said bonds having been presented to the auditor of state for registration, and he having refused to register said bonds solely on the ground that the law of 1887, being chapter 28, entitled 'An act to amend the second division of sections 25 and 26, chapter 18, of the Compiled Statutes

of 1885, so that the county boards shall have power to borrow money and issue bonds for the payment thereof, to erect or otherwise provide the necessary county buildings,' is unconstitutional and void," etc.

In passing upon the question thus submitted the court, in the syllabus, says: "An act to amend section 25 of chapter 18 of the Compiled Statutes of 1885 was passed and approved March 30, 1887, to take effect from date, and on the succeeding day an act was passed to amend the second division of section 25 of chapter 18 of the Compiled Statutes of 1885. *Held*, That the amendment related to the section 25 as amended on March 30, 1887."

Now if it was competent for the legislature on the 31st day of March, 1887, to amend the section in question by referring to it in the title and in the purview of the act as "section 25 of chapter 18 of the Compiled Statutes of 1885," notwithstanding the act of March 30, then it was equally competent for the legislature of 1889 to amend the act of March 31, 1887, by referring to it both in the title and the purview as "section 25 of chapter 18 of the Compiled Statutes of 1887," although the act of March 30 had been given the place in that compilation formerly occupied by the corresponding section of chapter 18 of the compilation of 1885.

It cannot be denied that there is some confusion in the application of the amendatory acts to provisions sought to be amended, but as said in the opinion above referred to, in citing the case of *Comstock v. Judge*, 39 Mich., 195, "Where the amendment is plain and can be carried out, it may be held valid, even though the section numbers of the original act and of the amendment are in confusion." The act to be amended, after all, is the act enrolled by the secretary of state, and on file in his office, and all references to compilations, or biennial publications, as session laws, are matters merely of convenience, and it often happens that that which is used for convenience fails of its purpose

in a greater or lesser degree. In the matter now under consideration, the object of the reference to the provision of law to be amended is sufficiently attained if the amendatory statute furnishes the means for its identification, and we are all of the opinion that it does.

The second point presented and urged by the appellants is, that the act of 1889 does not seek to change or amend section 30 of said chapter, which is the section which gives the board of supervisors the only authority they have to levy and collect the special tax to pay the interest on the bonds, and that section requires, as a condition to their having that power, that the proposition must have had two-thirds of all the votes cast at that election.

Section 30 in its present form constituted a part of chapter 18 of the Compiled Statutes as long ago as 1881, and its provisions were a matter of detail, directory in their character, and as such applicable to section 25 as it then stood, which limited the power of the county board to the expenditure of fifteen hundred dollars for the purpose of erecting or otherwise providing a court house, jail, and other county buildings, without first submitting the proposition to a vote of the people of the county at a general election, and the same is ordered by a two-thirds vote of the legal voters thereon. Section 26 required the county board, in all cases where they should deem it necessary to levy a tax in excess of one dollar and fifty cents per one hundred dollars valuation, except in certain cases, to submit a proposition therefor to a vote of the people of the county. Section 27 prescribed the mode of submitting questions to the people for any purpose authorized by law, and sections 28 and 29 also contained matters of detail applicable to the foregoing sections. Section 25 is first in the order of sequence in the chapter which prescribes by what majority a proposition may be adopted, and is the only one which has been amended or sought to be amended. That section was first amended by the act

approved March 1, 1883, but not in respect to the matters involved in the case now being considered. The act of March 30, 1887, is entitled "An act to amend section 1 of chapter 26 of the Laws of Nebraska, 1883, entitled 'An act to amend section 25 of chapter 18 of the Compiled Statutes of 1881, defining the duties of the board of county commissioners, and to repeal all acts not consistent therewith.'" This is the amendatory act of 1883, above referred to. This last act changed the former act only in one particular, not necessary to be further noticed, and retained the words, "two-thirds of the legal voters voting thereon," in the second clause of section 25. The act of March 31, 1887, entitled "An act to amend the second division of sections 25 and 26, chapter 18, of the Compiled Statutes of 1885, so that the county boards shall have power to borrow money and issue bonds for the payment thereof, to erect or otherwise provide the necessary county buildings," is, notwithstanding its title, confined in its operation to the twenty-fifth section, and to those words of it requiring a *two-thirds* vote of the people of the county to whom the same should be submitted at a *general election,* to order an expenditure of money exceeding fifteen hundred dollars for the erection of county buildings; and the changes made by said act were that the proposition might be submitted to a vote of the people of the county at a general *or special election,* and the same might be carried by a vote of *three fifths* of the legal voters voting thereon.

The act of February 26, 1889, is directed to the words *three-fifths,* as originally contained in the amendatory act above referred to, and amends and changes them to read *a majority.* The act had no other purpose, and has no other effect whatever.

Construing all these acts together, there can be no doubt that it was the intention of the legislature to clothe the county boards of the several counties with the power, and to impose upon them the duty in the class of cases therein

enumerated, to submit to a vote of the people of such county, either at a general or special election, as might seem to such board most convenient, a proposition to borrow money, and issue bonds for the payment thereof, for the purpose of erecting or otherwise providing the public buildings in said acts specified, and to borrow such money, and issue the bonds of the county for the payment thereof, upon such proposition being carried at such election by *a majority* of the legal voters voting thereon. Nor can it be doubted that such intention of the legislature is expressed, as well in the title as in the purview of said several acts, with sufficient clearness to answer the requirements of the constitution. The provisions of section 30 remain in the chapter, but its words have scope and meaning without applying the words *two-thirds* as therein contained to the provisions of section 25, as amended by the several amendatory acts above considered. And it was doubtless the intention of the legislature in passing said acts, and is no less clearly the effect of said acts, to take said section as amended out of the effect and qualification of the words requiring a two-thirds vote upon any proposition submitted to a vote of the people of a county as a condition precedent to the levy and collection of a special tax for the payment of the interest upon the indebtedness therein referred to. This follows as a corollary to the proposition, decided under the first head of this opinion. Section 25, as amended, being placed in the statute as law, we must apply to it the well known rule of construction which accords to every section and word of a statute some meaning and effect, and no meaning or effect can be given to the words of the said section unless they are accorded such meaning and effect as will supersede the inconsistent meaning of the words of the 30th section, so far as it may be sought to apply the same to section 25. I do not think it necessary to discuss the question of state policy, presented and argued at the bar, further than to remark that cases may arise, in the absence of legislation,

in which a court would consider an acknowledged and settled policy on the part of the state, or nation, with great deference.    But it is with the acts of the legislature that courts have mostly to do; and the intention and will of the legislature, constitutionally expressed in the last enactment in relation to any subject within their constitutional powers, will be taken as the expression of the policy as well as the law of the state.

The point referred to in oral argument upon the amended petition of the relators, to the effect that the proposition submitted provided for the erection of a court-house upon a certain block of ground which, in fact, is not within the original plat of Beatrice, not having been discussed or referred to in the brief of counsel, I only notice here to say that a designation of a block or lot of ground upon which a public building may be erected under the provisions of the statutes now considered has no place in a proposition under said act, and would be held as merely surplusage, unless it be plainly shown that voters were misled thereby.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.