(January 21, 1892.)

## BARTON v. MOSCOW INDEPENDENT SCHOOL DISTRICT NO. 5 OF LATAH COUNTY.

[29 Pac. 43.]

ACT OF ESTABLISHING FREE SCHOOLS CONSTRUED.—1. The act of the legislature entitled "An act to establish and maintain a system of free schools" (see Session Laws of Idaho, 1890-91, page 131), did not repeal chapter 11, title 3 of the Political Code so far as it re-enacted the provisions of said chapter, but merely continued the re-enacted provisions in force.

INDEPENDENT SCHOOL DISTRICTS—POWERS OF—CONTEMPORANEOUS WITH FREE SCHOOL ACT.—2. The act entitled "An act to authorize independent school districts, to issue bonds to redeem, fund or refund their indebtedness, and to provide and improve schoolhouses and grounds and furniture and fixtures," which act was approved March 6, 1891 (see Session Laws of Idaho 1890-91, page 129), and the act above referred to became a law on said day, are contemporaneous legislation, are not in conflict, and should be construed together. Application for injunction denied by court below sustained.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Mitchell & West, for Appellant.

As an independent school district is a creature of the law, created for a specific purpose, whenever the legislature repeals a law which has established it, it ceases to exist as a corporate body. (*Galesburg v. Hawkinson,* 75 Ill. 156.)

Forney & Tillinghast, for Respondent.

Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. (*State v. Wish,* 15 Neb. 448, 19 N. W. 686; *Junction City v. Webb,* 44 Kan. 71, 23 Pac. 1073; *Scheftels v. Tabert,* 46 Wis. 439, 1 N. W. 161; *Wright v. Oakley,* 5 Met. (Mass.) 400; *Association v. Benshimol,* 130 Mass. 325; *Capron v. Strout,* 11 Nev. 304; *Steamship Co. v. Joliffe,* 2 Wall. 450.)

SULLIVAN, C. J.—This is an action brought to obtain an injunction to restrain the issuance, sale, and delivery of $25,000 of bonds, the proceeds of which are to be used in erecting and furnishing a schoolhouse in the Moscow independent school district No. 5 of Latah county. The court below denied the motion for an injunction, from which order this appeal was taken. An act was passed by the legislature of the state of Idaho at its first session entitled: "An act to authorize inde-

pendent school districts to issue bonds to redeem, fund, or re-
fund their indebtedness, and to provide and to improve school-
houses and grounds and furniture and fixtures," which act was
approved March 6, 1891.    (Idaho Sess. Laws 1890-91, p. 129.)
Said legislature, at said first session, also passed an act en-
titled "An act to establish and maintain a system of free
schools," which act became a law, over the veto of the gov-
ernor, on the said sixth day of March, 1891.    (Idaho Sess.
Laws 1890-91, p. 131.)    We have not been able to ascertain
which of said acts became a law first, nor do we consider it
necessary to determine that question.    Said first-mentioned act
provides as follows: "Be it enacted by the legislature of the
state of Idaho, that there be added to chapter 11 of title 3 of
the Political Code the following sections."    Then follow three
sections, directing the procedure to govern the board of trustees
of independent school districts in the issuance of bonds "to re-
deem, fund, or refund their indebtedness, and to provide and
improve schoolhouses and grounds and furniture and fixtures."
The second act above referred to provides a plan for the es-
tablishment and maintenance of a system of free schools, and
contains, among others, the provisions of said chapter 11, title
3 of the Political Code, almost *verbatim*.    The word "territory"
is changed to "state," and a very few other words are changed;
but the scope and meaning of the provisions of said chapter
remain substantially the same as before the passage of said
act.

It is contended by the appellant that section 65 of the last
act above referred to repeals all of the provisions of said chapter
11, title 3 of the Political Code, and that said first-mentioned
act is an amendment of said chapter 11, and for that reason
it is also repealed by said section 65, which section is as fol-
lows: "Title (3) three of the Political Code, and all acts and
parts of acts inconsistent with this act, are hereby repealed."
Title 3 of the Political Code was "Public Schools."    Said title
contains eleven chapters.    The eleventh chapter thereof pro-
vides for establishing independent school districts, and none of

its provisions are inconsistent with said act containing said
section 65. The provisions of said chapter 11 were re-enacted
by said second-mentioned act almost *verbatim,* and are con-
tained in said act from sections 57 to 64, inclusive. We think
that by the re-enactment of the provisions of said chapter 11
the intention was to continue in force the uninterrupted opera-
tion of said provisions, and that such re-enactment was not, in
a proper sense, a repeal thereof, but that the new act was a mere
continuing in force of the provisions of the former act. (*State
v. Wish,* 15 Neb. 448, 19 N. W. 686.)   Sutherland, in his work
on Statutory Construction (section 133), says: "The portions
of the amended sections which are merely copied, without
change, are not considered as repealed, and again re-enacted,
but to have been the law all along"; and in section 134, he says:
"When there is an express repeal of an existing statute, and a
re-enactment of it at the same time, or a repeal and a re-enact-
ment of a portion of it, the re-enactment neutralizes the repeal,
so far as the old law is continued in force. Offices are not
lost, corporate existence is not ended, . . . . by such repeal and
re-enactment of the law on which they respectively depend."
In *Sheftels v. Tabert,* 46 Wis. 439, 1 N. W. 161, the court says:
"The rule of construction applicable to acts which revise and
consolidate another act or acts is that, when the revised and
consolidated act re-enacts in the same words the provisions of
the act or acts so revised and consolidated, such revision and
consolidation shall be taken to be a continuation of the former
acts, although such former acts may be expressly repealed by
such revised and consolidated act."   To the same effect is *As-
sociation v. Benshimol,* 130 Mass. 325; also *Wright v. Oakley,*
5 Met. (Mass.) 400; *Capron v. Stout,* 11 Nev. 304; *Steamship
Co. v. Joliffe,* 2 Wall. 450. It merely supersedes said chapter
11 by re-enacting the provisions thereof, and thus continues
the same in force. The repealing clause of the act which be-
came a law over the veto of the governor clearly indicates that
it was not the intention of the legislature to repeal the pro-
visions of said chapter. It repeals only the title of title 3 of

the Political Code, and re-enacts the provisions of said chapter, giving it a new title. The act of March 6, 1891, authorizing independent school districts to issue bonds, is designated as an amendment to chapter 11, title 3 of the Political Code; but it has a title of its own, and is complete in itself. Said act of March 3, 1891, which was passed over the veto of the governor, re-enacts all of the provisions of said chapter 11, title 3, and is specific in repealing the title only to said chapter, and all acts and parts of acts inconsistent with said act. Both of these acts became a law upon the same day—the one by the governor's approval, and the other over his veto. It was, unquestionably, contemporaneous legislation, and, as there is no conflict or repugnancy between said acts, both should be permitted to stand. (Endlich on Interpretation of Statutes, secs. 159, 222; *Smith v. People,* 47 N. Y. 330; *Pond v. Maddox,* 38 Cal. 572; *State v. Babcock,* 23 Neb. 128, 36 N. W. 348; *Commonwealth v. Kenneson,* 143 Mass. 418, 9 N. E. 761.) The order of the court below, refusing to grant an injunction, should be sustained, and it is so ordered, with costs of this appeal in favor of the respondent.

Huston and Morgan, JJ., concur.