COMMONWEALTH *vs.* CARL H. RYBERG.

Worcester.     October 2, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Statute — Oleomargarine in Imitation of Yellow Butter.*

Section 4 of St. 1884, c. 310, relative to the inspection and sale of milk and butter does not apply to specimens taken under St. 1891, c. 58, as amended by St. 1896, c. 377, relative to the manufacture and sale of imitation butter.

COMPLAINT, to the Central District Court of Worcester, alleging that on January 9, 1900, the defendant " did have in his possession with intent to sell within this Commonwealth a certain quantity, to wit, one pound of a certain product commonly called oleomargarine made partly out of an oleaginous substance, not produced from unadulterated milk or cream from the same, and that said product, in his possession as aforesaid, was then and there in imitation of yellow butter produced from pure unadulterated milk or cream of the same."

At the trial in the Superior Court, before *Gaskill*, J., the government introduced evidence tending to prove that on or about January 9, 1900, the defendant had in his possession with intent to sell a certain article or compound ; that said article or compound was delivered to the State's chemist for the purpose of analysis, and that said chemist made an analysis of the same,

and found it to be an article or compound made wholly or in part of fat oil or oleaginous substance not produced from unadulterated milk or cream; and that it was in imitation of yellow butter produced from pure unadulterated milk or cream.

The defendant objected to the introduction of this testimony on the ground that the chemist did not before analysis reserve and seal a portion of the same as required by St. 1884, c. 310, § 4, which relates to the inspection and sale of milk and butter; and the District Attorney admitted that after the trial in the District Court due application had been made by the defendant's counsel for a portion of the sample, and that he had refused to deliver the same, because none had been preserved.

The judge admitted the testimony, and ruled that St. 1884, c. 310, § 4, had no application to this complaint, which was brought under St. 1891, c. 58, as amended by St. 1896, c. 377, which relate to the manufacture and sale of imitation butter. The defendant duly excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. Thayer & H. W. Cobb*, for the defendant.

*R. Hoar*, District Attorney, *& G. S. Taft*, Assistant District Attorney, for the Commonwealth.

HOLMES, C. J. This is a complaint under St. 1891, c. 58, amended by St. 1896, c. 377, for having in possession with intent to sell a compound (oleomargarine) in imitation of yellow butter and not produced from unadulterated milk or cream. This is a new offence, distinct from any created by earlier statutes. *Commonwealth* v. *Huntley*, 156 Mass. 236, 238, 239. The act of 1891 provides for inspectors of milk taking samples of butter suspected under this statute, and does not require the preservation of a portion before analysis, as is required by St. 1884, c. 310, § 4. We are content to assume that the last named section refers to cases of suspected butter as well as to cases of milk, but, if so, the cases referred to are cases arising under earlier statutes, and we do not see any sufficient ground for interpreting either § 4 as purporting to embrace samples that should be taken under future legislation, or the act of 1891 as impliedly adopting § 4 of the act of 1884. Whether § 4 has been repealed with regard to the cases of

suspected butter to which it may apply, as it has been repealed with regard to milk, (*Commonwealth* v. *Kenneson*, 143 Mass. 418,) it is unnecessary to decide.    *Exceptions overruled.*