STATE, EX REL. JOHN J. G. GRAHAM, APPELLEE, V. ALCI-
NOUS T. BRATTON, APPELLANT.

FILED NOVEMBER 28, 1911. No. 17,385.

1. **Statutes: REPEAL.** An act to amend subdivision 27, sec. 48, ch. 13, art. III, Comp. St. 1909, and repealing said section as it had previously existed, was passed with an emergency clause and approved April 7, 1911 (laws 1911, ch. 13.) Three days later an act to amend the same section, under the designation of section 8573 of Cobbey's Annotated Statutes, 1909, was passed with an emergency clause and approved (laws 1911, ch. 14). The repealing clause in the later act repealed the section sought to be amended by both acts, "as it now exists." *Held,* That the later act repealed the section as amended by the former act.

2. ———: **CONSTRUCTION.** Where a statute is clear and unambiguous in its terms, it is the duty of the court, in construing it, to give the language used by the legislature its plain and ordinary meaning.

3. ———: ———: **PROVINCE OF COURT.** It is not within the province of the court to set aside, or nullify by construction, an act of the legislature which is free from ambiguity, and clear and explicit in its terms, upon the ground that to do so would appear to be equitable; nor upon the theory that, in the judgment of the court, the legislature made a mistake and did not intend to do that which its language clearly imports.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed and dismissed.*

*John M. Ragan,* for appellant.

*Tibbets, Morey & Fuller,* contra.

FAWCETT, J.

We have in this state two different statutes; one published by Mr. Wheeler and known as "Compiled Statutes of Nebraska," and the other edited by the late Judge Cobbey, and generally known as "Cobbey's Annotated Statutes of Nebraska." In the introduction of bills proposing amendments to the statutes, some members of the legislature refer to the Compiled and others to the Annotated Statutes. In 1909 the section of the statute in controversy here appeared in the Compiled Statutes as subdivision 27, sec. 48, ch. 13, art. III, and in Cobbey's Annotated Statutes as section 8573. On February 17, 1911, senate file No. 294 was introduced and read the first time. This bill, which will hereinafter be referred to as 294, was passed with an emergency clause and approved April 7, 1911. On February 6, 1911, senate file No. 204 was introduced and read the first time. This bill, which will hereinafter be designated as 204, was passed with an emergency clause and approved April 10, 1911. The sole question involved here is: Was 294 repealed by 204? It will be observed that both bills sought to amend the same section. The section sought to be amended had theretofore applied only to sewer districts in cities having more than 5,000 and less than 25,000 inhabitants. The amendment proposed by 294 was to make the section also apply to water districts. The amendment proposed by 204 was designed simply to change the rate of interest upon instalments of special taxes from 7 to 5 per cent. Section 2 of 294 provided: "Said subdivision 27 of section 48, chapter 13, article 3, Compiled Statutes of Nebraska (1909) (Ann. St., sec. 8753) be and the same is hereby repealed." It will be seen that the adoption and approval of 294, with an emergency clause, on April 7, with the repealing section above set out, operated as a repeal of section 8573, Cobbey's Annotated Statutes, so that the same no longer existed as it appeared in the statutes of 1909, but thereafter existed

as amended by 294. Section 2 of 204 provided: "Said section 8573 of Cobbey's Annotated Statutes of Nebraska for the year 1909 (Comp. St., ch. 13, art. III, sec. 48, subd. 27) as it now exists is hereby repealed."

Some time after 204 became effective, the relator and others petitioned the mayor and council of the city of Hastings to create a water district, under the provisions of 294. A water district was created, and the city clerk ordered to advertise for bids for furnishing material and labor for the construction of the proposed improvements. The clerk, under the advice of the city attorney, refused to so advertise. The city attorney based his advice upon the ground that 294 had been repealed by 204. The present action in mandamus was then instituted by relator, and upon hearing the district court sustained 294, and ordered that a peremptory writ issue, commanding the clerk to proceed in accordance with the commands of the mayor and city council. The respondent, the city clerk, appeals.

It is argued that section 2 of 204, in repealing section 8573, Cobbey's Annotated Statutes, referred to that section as it appeared at the time of the introduction of 204 on February 6. If that construction were put upon this repealing section, it would render it meaningless, for the reason that at the time it was passed and approved it would have had nothing to operate upon, as section 8573, as it appeared on February 6, had been repealed by 294 on April 7. We think the rule is too well established to require citation of authorities that, where a statute is plain and unambiguous in its language, it is the duty of the court in construing it to give the language used by the legislature its plain and ordinary meaning. The language used in the repealing section of 204 is plain and free from any ambiguity. Giving it its plain and ordinary meaning, it did not assume to repeal section 8573 of Cobbey's Annotated Statutes, as the same appeared on February 6, but, on the contrary, it plainly and explicitly repealed said section "as it now exists";

that is to say, as it then existed upon the day and hour when 204 was passed and approved. Neither amendment has any application whatever to the other. Both might have been included in one bill, as they do not in any manner conflict; or, at the time of its passage, 204, by an amendment setting out the section as it then existed—that is to say, as it had been amended by 294—would have accomplished what it would seem the legislature intended to do, viz., amend the section in the two particulars named.

The relator contends, in effect, that we should either hold, in harmony with *Hall v. Craig,* 125 Ind. 523, that the two acts of the legislature referred to should be considered *in pari materia,* and both acts sustained, or that 204 is void, for the reason that it attempted to amend a section of the statute which had already been repealed by 294. The respondent contends that the repealing clause in 204, which recites that section 8573 of Cobbey's Annotated Statutes of Nebraska for the year 1909 "as it now exists is hereby repealed," means exactly what it says; that there is no ambiguity in the language used; that section 8573, as it then existed, was as it had been amended three days prior thereto by 294. While the equities of the case seem to be with the relator, it is not within our power to set aside or amend by construction an act of the legislature which is free from all ambiguity and clear and explicit in its terms, simply because to do so would appear to be equitable; nor can we do so upon the theory that, in our judgment, the legislature made a mistake and did not intend to do that which its language clearly imports. To adopt such a course would be establishing a dangerous precedent. If the legislature has blundered, it is simply proof of its fallibility, and it is for it to make the correction. The court sometimes blunders, but, when it does, it is for the court to correct the same. We have no more right to correct the mistakes of the legislature than it would have to correct ours. In the present case, therefore,

we must hold that, by the passage of 204, the legislature repealed 294, and that whether such repeal was intentional or by mistake is immaterial here. We do not think this holding will leave the city in the hopeless condition pictured by counsel at the bar. Our legislature meets with at least sufficient frequency. It may be appealed to at its next session, and we have no doubt it will then adjust the matter in accordance with its own sound judgment. Moreover, we think this case is fairly ruled by *State v. Babcock,* 23 Neb. 128.

The judgment of the district court is reversed and the action dismissed at relator's costs.

REVERSED AND DISMISSED.