CHARLES L. POND, Respondent, *v.* HENDLEY S. MADDOX, Appellant.

Statutory Construction — Proviso. — The general rule is, that a proviso which is clearly repugnant to the body of an Act, is void. But, in construing statutes, it is the duty of the Court to reconcile, if practicable, apparently conflicting provisions, so as to carry into effect the intention of the Legislature as it appears from the whole Act, and from contemporaneous legislation.

Idem. — If it clearly appears, from all the sources of interpretation, that a provision of a statute was inserted through inadvertence, it will be disregarded.

Appeal from the District Court of the Second District, County of Butte.

The respondent, County Auditor for the County of Butte, appealed from the judgment of the District Court by which it was adjudged, upon a petition for a mandamus, that he should draw his warrant on the County Treasury, in favor of the appellant, for a certain deficiency in the payment of his salary as County Treasurer, in his petition alleged to be due to him.

*Jo Hamilton,* Attorney General, and *J. C. Martin,* for Appellant.

*J. M. Burt,* for Respondent.

CROCKETT, J., delivered the opinion of the Court:

This case presents a striking illustration of the loose and inconsiderate method too often employed in amending statutes in this State. By an Act approved May 3, 1861 (Statutes 1861, p. 287), the County Treasurer of Butte County is made *ex officio* Collector of Taxes for that county; his duties are prescribed, and his salary fixed at $3,000 per annum. On the 4th of April, 1864 (Statutes of 1863–4, p. 328), another Act was passed, by the ninth section of which the annual salary of the County Treasurer of Butte County was fixed at $2,400. This necessarily repealed, *pro tanto,* the Act of 1861. On the 10th of March, 1866 (Statutes 1865–6, p. 207), an Act was passed fixing the salary of said County Treasurer at $1,200 per annum, "from and after the expiration of the terms of the present officers." This Act cannot affect the plaintiff, whose term as County Treasurer of Butte County commenced March 5, 1866, five days before the passage of the Act. But, on the 31st day of March, 1866, only twenty-one days after the passage of the last named Act, another Act was passed (Statutes of 1865–6, p. 603), to amend the Act of May 3, 1861, by which, as we have already seen, the salary of the County Treasurer was fixed at $3,000. In accomplishing the amendment, the Legislature simply copied Section 5 of the amended Act, with slight variations as to the duties of the Treasurer, and reducing the amount of his official bond from $50,000 to $30,000; but

retained that portion of the section which fixed the salary at
$3,000 ; and then added the following proviso : "And pro-
vided further, that this Act shall not be construed to fix or
change the salary of any officer in said county in any man-
ner whatever." The plaintiff claims that the proviso is void
as repugnant to the body of the Act, whilst the defendant
insists that upon a fair construction of the Act it was not
intended to increase the salary, and that the proviso is con-
clusive on this point.

The general rule, is that a proviso which is clearly repug-
nant to the body of the Act is void. But, in construing
statutes, it is the duty of the Court to reconcile, if prac-
ticable, apparently conflicting provisions, so as to carry into
effect the intention of the Legislature as it appears from the
whole Act and from contemporaneous legislation. When
the plaintiff entered upon his office, on the fifth day of March,
1866, his salary was $2,400 per annum, as fixed by the Act
of April 4, 1864, which had repealed, *pro tanto*, the Act of
1861. Five days thereafter, by the Act of March 10, 1866,
the salary was reduced from $2,400 to $1,200 per annum ;
but with a provision that the reduction should not affect the
then incumbent of the office. The plaintiff's salary, there-
fore, continued to be $2,400, notwithstanding the last named
Act. Twenty-one days later, the Legislature deemed it
proper to modify somewhat the duties of the office, and to
reduce the amount of the official bond, as prescribed by
Section 5 of the Act of May 3, 1861, which section had re-
mained in force, notwithstanding the intervening Acts,
except so much of it as related to the salary. In seeking to
accomplish this amendment, the original section, with the
proper modifications, was copied into the amendatory Act of
March 31, 1866, including the provision fixing the salary at
$3,000. The inference is irresistible that this provision was
left in the amended Act through inadvertence, and that in
order to obviate its effect the proviso was added, "that this
Act shall not be construed to *fix or change* the salary of any
officer in said county in any manner whatever." In the face
of this provision, and of the Act of March 10, 1866, reduc-
ing the salary of all future incumbents of the office to $1,200

per annum, it is incredible that the Legislature could have intended to raise the salary of plaintiff to $3,000. It is only another instance of the confusion and perplexity which results from hasty, inconsiderate and special legislation.

Judgment reversed, and the District Court is ordered to enter a judgment for the defendant on the findings.