## SQUINT EYE *et al.* v. CROOKED ARM *et al.*

No. 6060. Opinion Filed February 29, 1916.

(155 Pac. 1147.)

1. **DESCENT AND DISTRIBUTION—Inheritance by Mother—Construction of Statute.** Chapter 35, Session Laws 1909, provides: "Second. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or if he leave both father and mother to them in equal shares. If there be no father, then one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares. * * *" **Held**, that by said act it was the legislative intent to put the mother on equality with the father in inheriting from a deceased son, and that through inadvertence following the words "If there be no father" the words "or mother" were left off.

2. **SAME.** The said Session Laws further provide: "Fourth. If the decedent leave no issue nor husband, nor wife nor father and no brother or sister is living at the time of his death, the estate goes to his mother to the exclusion of the issue, if any, of deceased brothers or sisters." **Held**, in view of subdivision 2, there was no field for its operation; that it was taken from an existing statute and inadvertently re-enacted, but was surplusage.

3. **SAME.** Where the decedent was never married, leaves no issue nor father, but leaves a mother and half brothers and sisters and children of a deceased half-sister, the mother takes the entire estate to the exclusion of such half brothers and sisters and the children of such deceased half-sister.

(Syllabus by Watts, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by John Squint Eye and others against Mrs. Crooked Arm and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*T. W. Jones, Jr.* and *G. W. Cornell,* for plaintiffs in error.

*A. J. Welch,* for defendants in error.

Opinion by WATTS, C. Shoe Boy died intestate in Custer county October 30, 1910, leaving an estate worth approximately $50,0000. An administrator was appointed and took charge thereof. Shoe Boy was never married, and died without issue. His father, Crooked Arm, died in 1903. Shoe Boy left surviving him, his mother, Mrs. Crooked Arm, or Later Woman, and the following half brothers and sisters on his father's side by a former marriage: John Squint Eye, Darwin Hayes, Mrs. Little Hawk, or Holy Woman, Mrs. Ed Williams, or Eating Bull, Little Wolf, or Shell Woman, also Mattie and Ellen Hansel, minor children of a deceased half-sister on the paternal side. He also left on the mother's side Perry Reynolds, John Washa, and Mrs. John P. Hart, or Corn Stock. The relatives mentioned herein filed their petition in the county court against Mrs. Crooked Arm or Later Woman, claiming to be the heirs of Shoe Boy, and praying a division of his estate. It was stipulated that the relationship as above set out was correct. The county court held that the mother took the entire estate. On appeal to the district court the same judgment was rendered, from which the half brothers and sisters and the two nieces in the father's line appeal. Did the court err?

Session Laws 1909, c. 35, p. 548, were in force and governed the devolution of the estate. Pertinent to the question for decision it provides:

"Second. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or if he leave both father and mother to them in equal shares. If there be no father, then one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leaves no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: Provided, in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate to go to the survivor, at whose death if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.   *   *   *

"Fourth. If the decedent leave no issue nor husband, nor wife nor father and no brother or sister is living at the time of his death, the estate goes to his mother to the exclusion of the issue, if any, of deceased brothers or sisters."

It will be observed in subdivision 2 there is a positive declaration applicable to the facts in the instant case. We quote:

"If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or, if he leave both father and mother, to them in equal shares.   *   *   *"

This provision is apparently in conflict with the inference to be gained from subdivision 4, *supra*. Upon the subject Statutes of 1890, of 1893, and Wilson's Revised and Annotated Statutes 1903 are identical. The latter statute (section 6895) provides:

"Second. If the decedent leave no issue, the estate goes in equal shares to the surviving husband or wife, and

to the decedent's father. If there be no father, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if he leave a mother also, she takes an equal share with the brothers and sisters. If decedent leave no issue, nor husband nor wife, the estate must go to the father.

"Third. If there be no issue, nor husband, nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if a mother survive, she takes an equal share with the brothers and sisters.

"Fourth. If the decedent leave no issue, nor husband, nor wife, nor father, and no brother or sister is living at the time of his death, the estate goes to his mother to the exclusion of the issue, if any, of the deceased brothers or sisters."

From the foregoing, under the present facts, it is evident that the father was given a preference over the mother; that the mother was classed with the brothers and sisters, but preferred to the issue of deceased brother or sister. Reference to the identical statutes shows a complete scheme of succession to the property of a deceased.

The Legislature of the state (Session Laws 1909, *supra*) unquestionably intended to raise the status of a mother to that of a father. It is not only apparently, but expressly, so; however, in so wording the change, the present confusion followed; but, if read in the light of the intention pointed out, the intent is obvious. Let us see. Referring to Session Laws of 1909, *supra:* All of the first part of subdivision 2, down to and including the words "by right of representation," deals with the subject of marriage state; that is, the surviving husband or

wife takes half, and the father or mother, as the case may be, or both if living, take the remaining half. Or, if the decedent leave no issue, nor father, nor mother, but leaves a wife and brothers and sisters and children of deceased brothers and sisters, the wife takes one half, and the brothers and sisters and the children of deceased brothers and sisters, by right of representation, take the remaining half. If read in this light to and including the words in quotations, and keeping in mind the subject-matter as mentioned, then we are driven to the conclusion that the lawmakers understood and intended to supply that which is apparent and which was inadvertently omitted following the words "If there be no father," the words "or mother."

In 33 Cyc. 1127, it is said:

"Where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to complete the sense and to express the legislative intent."

The confusion as herein pointed out was observed by the codifiers, and they rightfully inserted the words "or mother," and made other minor changes in the language. The section now reads:

"Second. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares.   *   *   *"
(Rev. Laws 1910, sec. 8418.)

Squint Eye et al. v. Crooked Arm et al.

Reverting to Session Laws of 1909, subdivision 4 is unquestionably surplusage. In view of subdivision 2, there was no field for its operation. It was taken from an existing statute and inadvertently re-enacted by the Legislature, and overlooked by the revisers of the 1910 Laws, and we think it is our duty to so treat it.

"While, as a general rule, every word in a statute is to be given force and effect, yet, when a statute contains words to which no meaning at all can be attached, or at least no meaning in harmony with the legislative intent, as collected from the entire act, such words will be treated as surplusage, and will be wholly disregarded in the construction of the act." (36 Cyc. 1127, and cases there cited.)

See, also, *Pond v. Maddox*, 38 Cal. 572, wherein it is said:

"If it clearly appears from all the sources of interpretation that a provision of a statute was inserted through inadvertence, it will be disregarded."

Giving subdivision 2 the interpretation herein set forth, and treating subdivision 4 as surplusage, we hold that, as the decedent died intestate, leaving no wife nor issue nor father, but leaving a mother and half brothers and sisters and children of a deceased half-sister, the mother takes the entire estate to the exclusion of such half brothers and sisters and the children of such deceased half-sister, and the trial court did not err in so adjudging.

The judgment of the district court of Custer county should be affirmed.

By the Court: It is so ordered.